UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT POWER,

                Petitioner,

    v.

STATE OF WASHINGTON,

                Respondent.

Case No. C20-0434-BJR-MAT

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

      This is a federal habeas action filed under 28 U.S.C. § 2254. Petitioner Robert Power is a state prisoner who is currently confined at the Coyote Ridge Corrections Center in Connell, Washington. (*See* Dkt. 3.) Petitioner does not identify in his petition the precise judgment he seeks to challenge, but it appears petitioner is currently confined pursuant to a 2019 judgment of the King County Superior Court. *See State of Washington v. Robert Layton Power*, No. 17-1-08076-1 (docket available at https://kingcounty.gov/courts/clerk/access-records/records-portal.aspx). The Court presumes this is the judgment currently under attack. The petition has not been served on respondent. Following a careful review of the petition, and the balance of the record, this Court concludes that petitioner's federal habeas petition should be dismissed without

REPORT AND RECOMMENDATION
PAGE - 1

prejudice for failure to exhaust state court remedies.

## DISCUSSION

Petitioner identifies four grounds for federal habeas relief in his petition. (*See* Dkt. 3, Dkt. 3-1.) Petitioner makes clear in his petition that he has not presented any of his federal habeas claims to the state courts for review, either on direct appeal or post-conviction review, apparently because he believes the State of Washington lacks jurisdictional authority to decide the constitutional issues raised in the petition. (*See id*.) However, the governing statute makes clear that a state prisoner is required to exhaust all state court remedies before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1).

The exhaustion requirement is a matter of comity, intended to afford the state courts "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citations omitted). In order to provide the state courts with the requisite "opportunity" to consider his federal claims, a prisoner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). As it is clear from the face of the petition that petitioner has not properly exhausted his claims for relief in the state courts, his petition is not eligible for federal habeas review.

Petitioner, apparently fully aware that lack of exhaustion would be an issue in this case, submitted with his petition two additional documents addressing the exhaustion issue. The first of those documents is entitled "Motion to Exhaust State Remedies." (Dkt. 4.) Petitioner cites therein to the "Vicarious Exhaustion of Remedies Rule (1987)" as set forth in Black's Law Dictionary, 11th Edition (2019). (*Id*. at 1.) According to petitioner, the rule provides that "if one member of

REPORT AND RECOMMENDATION  
PAGE - 2

a class [action] (1) satisfies a requirement to exhaust administrative remedies, that is enough for all others similarly to be considered as having exhausted the remedies." (*Id.*) Petitioner goes on to argue that because a judge of this Court found in a case similar to this one that the petitioner there had exhausted his state court remedies, *see Fischer v. State of Washington*, C20-0051-TSZ (W.D. Wash 2020), petitioner's state court remedies should be deemed to have been vicariously exhausted. (Dkt. 4 at 2-3.)

Petitioner cites no authority which would support application of the vicarious exhaustion rule in the context of a federal habeas action brought under § 2254. Moreover, this Court disagrees with the conclusion in *Fischer* that the petitioner there properly exhausted his state court remedies. In *Fischer*, the District Judge rejected the Magistrate Judge's conclusion that the petitioner, Mr. Fischer, failed to exhaust his state court remedies. In so doing, the District Judge cited to the fact that Mr. Fischer had filed a petition for discretionary review in the Washington Supreme Court on direct appeal and two personal restraint petitions in the Washington Court of Appeals. However, it is not clear from the materials cited by the Court in *Fischer* that Mr. Fischer presented to the state courts for consideration the precise claims asserted in his federal habeas petition which is necessary to satisfy the exhaustion requirement. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971) ("[I]t is not sufficient merely that the federal habeas applicant has been through the state courts. The [exhaustion] rule would serve no purpose if it could be satisfied by raising one claim in the state courts and another in the federal courts. Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Accordingly, we have required a state prisoner to present the state courts with the same claim he urges upon the federal courts.").

In fact, Mr. Fischer represented to the Court that although he had appealed his judgment

REPORT AND RECOMMENDATION
PAGE - 3

and filed personal restraint petitions, he had *not* presented to the state courts the four constitutional grounds asserted in his habeas petition because he believed the State of Washington lacked jurisdictional authority to decide those constitutional issues.  This does not constitute proper exhaustion under *Picard* and petitioner therefore cannot rely on the conclusion in *Fischer* to obtain review of his federal habeas claims.[1]

The second document submitted by petitioner in conjunction with his petition is entitled "Motion to Compell [sic] for Information (Show Cause)."  (Dkt. 5.)  Petitioner requests therein that respondent produce evidence relevant to petitioner's substantive claims and he also elaborates on his argument that he should not be required to exhaust state court remedies. Petitioner's elaboration does not change this Court's conclusion that the governing statute requires him to exhaust his claims in the state courts before he can pursue a federal habeas petition.

## CONCLUSION

For the foregoing reasons, this Court recommends that petitioner's federal habeas petition (Dkt. 3), and this action, be dismissed without prejudice for failure to exhaust state court remedies. This Court further recommends that petitioner's pending motions to exhaust (Dkt. 4) and to compel information (Dkt. 5) be denied.

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge.  A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(3).  A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the

---

[1] Though the petitioner in *Fischer* prevailed on the exhaustion issue, the case was ultimately dismissed with prejudice on statute of limitations grounds.  *See Fischer*, C20-0051-TSZ, Dkt. 5.

district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Under the above standard, this Court concludes that petitioner is not entitled to a certificate of appealability in this matter.  This Court therefore recommends that a certificate of appealability be denied.  A proposed order accompanies this Report and Recommendation.

## DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **June 5, 2020**.

DATED this 14th day of May, 2020.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 5